*Formatted for Electronic Distribution*                                                              *For Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    DONNA J. NORTON                                    Chapter 7 Case
                Debtor.                                  # 04-11660

_____

Filed & Entered
On Docket
07/11/05

Appearances:   Raymond J. Obuchowski, Esq.         Grant C. Rees, Esq.
                  Obuchowski & Emens-Butler          Law office of Grant C. Rees,
                  Bethel, Vt. 05032                      Burlington, Vt. 05402
                  Trustee Pro Se                         For the Debtor

**MEMORANDUM OF DECISION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT
AND TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION**

On February 7, 2005, Raymond J. Obuchowski, in his capacity as chapter 7 trustee (the "Trustee"), filed an objection to the Debtor's claim of homestead exemption (doc. # 6). Subsequently, the Parties filed a Stipulated Request to Address Homestead Exemption Issue by Cross Motions for Summary Judgment, a Stipulation of Facts, and memoranda of law in support of their respective positions (docs. ## 12, 16, 18 and 19, respectively). For the reasons articulated below, the Court sustains the Trustee's objection.

**THE ISSUE PRESENTED**

The issue presented is how much equity an individual may exempt under the Vermont homestead statute when: (1) she owns a one-half interest in homestead property with a co-tenant to whom she is not married; (2) the homestead property is subject to a mortgage on which she has joint and several liability with her co-tenant; and (3) the co-tenant has previously filed for bankruptcy relief and claimed his equity in the homestead property exempt.

**JURISDICTION**

The Court has jurisdiction over this contested matter under 28 U.S.C. 1334(b) and finds this to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND FACTS**

The Parties have stipulated that the following facts are not in dispute (see doc. # 16). The Debtor filed a chapter 7 petition on December 27, 2004 and listed an ownership interest in certain land and premises located at 117 Woodbury Rd., Burlington, Vermont (the "Property"). The Debtor acquired the Property by warranty deed dated July 11, 1991, as a joint tenant with the right of survivorship; the co-

tenant is Gerald W. Dumas. It is the Debtor's primary residence. The Debtor and Mr. Dumas are not married; however, they have resided in the Property together since 1991. Mr. Dumas previously filed a petition for relief under chapter 7 and received a discharge. In his bankruptcy case, Mr. Dumas scheduled his one-half interest in the Property to have a value of $90,000.00, corresponding to one-half of the $180,000.00 value of the Property (see Schedule D in chapter 7 case # 04-11556). He scheduled the entire mortgage against his half interest in the Property based upon his joint and several liability on the debt. Further, similar to the Debtor's election, Mr. Dumas opted out of the federal exemptions and claimed a homestead exemption under Vermont State law, 27 V.S.A. § 101. He claimed an exemption in the amount of $26,460.26, computed by subtracting the total debt outstanding on the property ($63,539.74) from the value of his one-half interest ($90,000.00). The case trustee did not object to this exemption.

In her chapter 7 petition, the Debtor has scheduled her interest in the homestead to have a value of $90,000.00, or one-half of the $180,000.00 value of the total fee. Like Mr. Dumas, her schedules listed the entire mortgage lien against the Property, in the amount of $63,539.74, as an encumbrance on her interest. However, the Debtor amended her schedules to claim a homestead exemption in the amount of $58,230.13, and to include only half of mortgage debt as an encumbrance against her interest in the Property (see second amended Schedule C, doc. # 22). It is this computation of exemption to which the Trustee objects.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(C); FED. R. BANKR. P. 7056. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining the material facts, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson, 477 U.S. at 248. Therefore, summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of facts] could return a verdict for the nonmoving party." Id. at 248. Further, the court should not weigh the evidence or determine the truth of any matter, but should instead draw all inferences from the facts in the light most favorable to the nonmoving party. Virgin Atl. Airways Ltd. v. British Airways PLC, 257 F.3d 256, 262 (2d Cir., 2001) citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986)).

The Court finds that there are no material facts in dispute and therefore summary judgment is appropriate.

2

## DISCUSSION

The issue presented raises three distinct legal questions: (1) how a debtor's homestead exemption is defined when she owns only a portion of the homestead property; (2) how the debtor's equity is computed when the debtor owns less than the full fee but has joint and several liability for the entire mortgage debt; and (3) whether the co-tenant's prior bankruptcy filing and claim of a homestead exemption in the subject property has any effect upon the debtor's exemption rights.

The Trustee accurately observes that "there is no Vermont law interpreting the entitlement to proportionate interests in the homestead exemption as between co-tenants" (doc. 6 ¶ 10). However, there are decisions from both the Vermont Supreme Court and this Court that establish the principles needed to define a debtor's exemption rights relative to a partial ownership interest. Applying the reasoning of that jurisprudence, this Court holds that (1) the proportion of the Vermont homestead exemption available to a debtor is equal to the proportion of the debtor's ownership interest in the homestead, (2) a debtor's exemptible interest is equal to her equity, and equity is computed by subtracting the full amount of the debtor's liability for liens against the property from the value of the debtor's interest in the property, and (3) a co-tenant's prior bankruptcy filing and claim of exemption have no effect on the Debtor's exemption rights.

We begin our analysis with the observations that exemption statutes must be construed liberally in favor of the debtor, Parrotte v. Sensenich (In re Parrotte), 22 F.3d 472, 474 (2d Cir. 1994), and that the Trustee has the burden of proof in any objection to a debtor's exemption. Fed. R. Bankr. P. 4003(c) (2005). In this instance, the Court finds the Trustee has sustained his burden of proof and demonstrated that even under a liberal construction of the exemption statute the Debtor's right to exempt her equity in the Property is capped at $37,500 and therefore, sustains the Trustee's objection to the Debtor's claim of an exemption in the amount of $58,230.13.

The pertinent Vermont statute provides that:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $75,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided.

27 V.S.A. § 101. The statute authorizes an exemption of up to $75,000.00, to the extent the subject property is owned by a debtor who is a natural person and is used or kept by the debtor as a homestead. While it is clear that the statute requires the natural person to own the property in order to benefit from the exemption, it does not distinguish between natural persons who own a partial interest from those who own the entire fee.

3

Although the issue of proportionate interest exemption rights has not been addressed directly in either the state or federal courts of Vermont, the Vermont Supreme Court has determined that the words "natural person" in the Vermont exemption statute do not confer upon each individual a personal right to a full exemption. D'Avignon v. Palmisano 34 B.R. 796, 800 (D. Vt. 1982). In the instant case, the Trustee argues that since the Debtor owns only fifty percent of the Property she is limited to fifty percent of the exemption allowed by law. The Court agrees. The seminal case on this point is D'Avignon. There, the United States District Court (Coffrin, J.) examined the homestead exemption rights of tenants by the entirety to determine whether the two tenants could, together, exempt twice the amount set forth in the Vermont homestead exemption. In prohibiting the "stacking of exemptions" sought by the debtors, the Court articulated the two principles it held to limit tenants by the entirety to one homestead exemption: (1) each tenant who owns by the entirety owns an undivided interest in the whole fee, and (2) the Vermont statute authorized one exemption per homestead. 34 B.R. at 800. The premise underlying these principles is that interests of tenants by the entirety are coincident and undivided.[1] The logical corollary to this is that the proportion of ownership determines the proportion of the homestead exemption to which a debtor is entitled. The exemption rights of co-tenant owners, just like their ownership interests, are distinct and cumulative. Thus, if all of the co-tenants who hold an ownership interest in a particular homestead property were to file bankruptcy, (1) they, together, could take advantage of the full homestead exemption, but no more, and (2) each tenant would be limited to that portion of the homestead exemption that corresponds to his or her proportionate ownership interest.

This conclusion is consistent with this Court's prior rulings construing the Vermont exemption statute. In Roberge, the Court was confronted with the question of whether a husband and wife who were living apart and in separate homestead properties were each entitled to take a homestead exemption. The Court allowed each spouse a full exemption in the property in which each resided and owned the full fee, because each separate property was the residence and homestead for a family and each debtor owned the full fee of the property he/she sought to exempt. See In re Roberge, 307 B.R. 442, 448 (Bankr. Vt. 2004). Likewise, in the Pierce case, this Court held that the debtor was entitled to a homestead exemption in only one property, even if she arguably had an ownership in two properties at the time of filing because the debtor could only legally reside in one property on the date of filing. Pierce v. Pierce (In re Pierce), 2003 Bankr. LEXIS 2020 *9-11. Additionally, in the Hutchins case, this Court held that upon the filing of the

---

[1] If the two entirety tenants file separate bankruptcy cases, at different times, and each takes a homestead exemption in their case equal to the full amount of equity in the homestead property, up to the full amount allowed by the statute, this does not violate the prohibition against stacking because each owns the same whole interest and is exempting the same part of the fee. Their interests are identical and hence their exemptions are coincident, not cumulative, and there is only one open bankruptcy estate at the time of each filing. By contrast, if the two tenants by the entirety file separate bankruptcy cases at the same time, each trying to exempt a distinct portion of the equity, where the total equity exceeds $75,000, the court has the power to combine the cases, and limit their exemption to $75,000 for the subject homestead property and the case. See D'Avignon v. Palmisano, 34 B.R. 796, 800 (D. Vt. 1982).

4

divorce decree which conveyed the full fee to the debtor, she was entitled to exempt the full amount of equity, free and clear of the lien of the government which attached only to the prior co-tenant's interest (which was extinguished by divorce). In re Hutchins, 306 B.R. 82, 87 (Bankr. D. Vt. 2004). The tenets that are uncontroverted throughout both the state and federal court case law are: (1) that there is one homestead exemption per homestead property; and (2) the exemption is only available if (a) the debtor has an ownership interest in the property on the date of filing, (b) lives in the property on the date of filing and (c) has equity in the property.[2]

In order to measure accurately the equity of a debtor who shares the ownership and debt on a homestead, it is necessary to determine the portion of the fee ownership and the portion of the liability that are attributable to the debtor. Here, the Parties have stipulated that the Debtor owns one-half of the fee and is liable for the full mortgage debt (doc. # 6 ¶¶ 4, 5, 9). Thus, the entire liability encumbers each co-owner's separate interest and only the portion of each half-interest that is not encumbered by the debt is each owner's equity and hence, subject to exemption. The law of contracts is unequivocal on this point:

> If two or more persons promise the payment of a stated sum of money…
> [e]ach one is bound to pay the full amount although one full payment will
> discharge them all; as in the case of a money promise, collection may be
> made out of the goods of each or any or them.

9-52 Corbin on Contracts § 928. The Court acknowledges that the inclusion of the full debt against each half-interest is inconsistent with the reality of what would happen if the property were sold, in that a sale of the property would require satisfaction of the mortgage debt just once. However, this double-counting of the debt is the inevitable consequence of joint and several liability where multiple parties are each fully liable for the entire debt. See McNamara v. Pickett, 109 Vt. 500, 503 (1938) ("a person who, with another, signed a joint and several note 'each as principal' was held, so far as the creditor was concerned, to be a principal") and Washburn v. Bank of Bellows Falls, 19 Vt. 278, 287 (1847) (holding that where a contract imposes joint and several liability creditors can rightfully seek payment from either of the parties to the contract). In this regard, joint and several liability is not very different from the legal fiction of a tenancy by the entirety.[3] Whereas a divorce terminates the legal fiction of a tenancy by the entirety, it is the payment or satisfaction of the debt that terminates the legal fiction created by joint and several liability.

---

[2] See also In re Detko, 290 B.R. 494 (Bankr. D. Vt. 2003) and In re Brent, 68 B.R. 893 (Bankr. D. Vt. 1987) (both holding that the debtor could exempt his/her interest in the homestead, even though the debtor did not reside in the homestead property on the date of filing, because the debtor's "abandonment" of the homestead property was not voluntary).

[3] In a tenancy by the entirety, the two individuals who, by reason of their marriage, take the whole of the estate between them, "is seized of the whole" estate and "and not of any [u]ndivided portion," because "they [are] legally one person." The estate is only terminated when the unity that creates the legal fiction is also terminated. See Stewart v. Bleau's Estate, 102 Vt. 273, 276 (1929).

5

In light of her joint and several liability for the mortgage debt, the Debtor's equity in the Property is computed by deducting the total amount due on the mortgage debt ($63,539.74) from the value of her one-half interest ($90,000.00). This results in a determination that the Debtor has equity in the Property in the amount of $26,460.26. This is the interest that is available for exemption, and is less than the maximum proportionate amount of the statutory allowance of $37,500.

However, the Trustee asserts that the Debtor is not necessarily entitled to claim this amount as exempt under the facts presented here, namely, where the co-tenant has invoked the homestead exemption in the Property in his bankruptcy case. The Court disagrees. Since the Debtor's interests and equity in the Property are distinct from those of her co-tenant, and each co-tenant is limited to a proportionate share of the maximum state law exemption, the co-tenant's exemption of his share of the Property has absolutely no effect on the Debtor's exemption Moreover, this is essential to maintain the objective of the statute because protecting the co-tenant's interest and equity in the Property does not protect the Debtor's interest and equity in the Property. Mercier v. Partlow, 149 Vt. 523 (1988). The goal of the Vermont exemption statute is to protect homesteads from being lost to creditors and that goal would be defeated if the Debtor were not allowed to exempt her interest in her homestead simply because her co-tenant previously sought bankruptcy relief and invoked his statutory right to a homestead exemption. See 149 Vt. at 524.

In his bankruptcy case, Mr. Dumas claimed equity and an exemption in the amount of $26,460.26. Thus, even assuming *arguendo* co-tenant's exemption is relevant to the Debtor's exemption rights, the exemption he claimed was below the cap of one-half the statutory maximum ($37,500) and was proper. The co-tenant's claim of exemption encompassed only the equity in his one-half interest and the aggregate total homestead exemption in the Property claimed by the two co-tenants does not exceed one hundred percent of the statutory maximum homestead exemption for the Property. See generally D'Avignon, at 800. Thus, even if the Court were to consider Mr. Dumas' bankruptcy filing and exemption to be relevant to the computation of the Debtor's exemption allowance, it would not change the outcome or give legitimacy to the Debtor's argument that the Trustee is estopped from objecting to the Debtor's exemption because he failed to object to Mr. Dumas' exemption.

As noted above, it is only the satisfaction of the debt that the Debtor and Mr. Dumas owe in a joint and several capacity that extinguishes the legal fiction that requires the subject debt to be counted twice. If the debt were satisfied, the equity of both co-tenants would need to be recalculated. However, the Debtor would still be subject to a cap on the exemption corresponding proportionately to her ownership in the Property, and the record reflects no intention by any Party to sell the Property or satisfy the mortgage.

6

## CONCLUSION

The Debtor owns one-half of the Property and must include one-half of the value of the Property in her assets; she is jointly and severally liable for the mortgage and must include the full amount of the mortgage in her liabilities. Hence, the Debtor has equity in the amount of $26, 460.25. Vermont law limits each homestead property to an exemption of $75,000 with each co-tenant owner's exemption rights limited to the proportion of that owner's interest. Since the Debtor owns one-half of the Property, her exemption rights are capped at one-half of the total exemption amount authorized by the Vermont statute. Since that cap ($37,500) is higher than the amount of the Debtor's equity ($26,460.25), the Debtor may exempt all of her equity in the Property.

The exemption the Debtor claims ($58,230.13) exceeds both her equity and the maximum homestead exemption to which she is entitled. Therefore, the Court sustains the Trustee's objection to the Debtor's claimed exemption and, for the reasons set forth above, grants the Trustee's motion for summary judgment and denies the Debtor's motion for summary judgment.

July 11, 2005
Rutland, Vermont

_____Colleen A. Brown_____
Colleen A. Brown
United States Bankruptcy Judge